UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 22-111 |
| v. | * | SECTION: "M" |
| BROCK TAYLOR GUILLOT | * | |

\* \* \*

## FACTUAL BASIS

The defendant, **BROCK TAYLOR GUILLOT** (hereinafter, the "defendant" or "**GUILLOT**"), has agreed to plead guilty to Count One of the indictment currently pending against him, charging **GUILLOT** with possession of child sexual abuse material, in violation of Title 18, United States Code, Section 2252(a)(4)(B). Should this matter proceed to trial, both the Government and the defendant, **BROCK TAYLOR GUILLOT**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crimes to which the defendant is pleading guilty. The Government and the defendant further stipulate that the Government would have proven, through the introduction of competent testimony and admissible, tangible exhibits, the following facts, beyond a reasonable doubt, to support the allegations in the Indictment now pending against the defendant:

The Government would show that, at all times mentioned in the Indictment, the defendant, **GUILLOT**, was a resident of the Eastern District of Louisiana and lived in Slidell, Louisiana.

The Government would further present competent testimony and evidence that on multiple dates, including in or around January 2020, Special Agents with the Federal Bureau of Investigation ("FBI") conducted an investigation concerning the sharing of files depicting the sexual exploitation of children (*i.e.,* Child Sexual Abuse Material (CSAM) via an instant

Page **1** of **4**

AUSA J G
Defendant B G
Defense Counsel A C

messaging mobile application. During the investigation, an individual, subsequently determined to be **GUILLOT**, transmitted a series of files depicting the sexual exploitation of prepubescent children via the mobile application.

The Government would further present competent testimony and evidence, including the testimony of FBI Special Agent Zac Crutchfield, that in about February 2021, law enforcement officials executed a search warrant at **GUILLOT's** residence. Special Agent Crutchfield would testify that the FBI seized several electronic items that belonged to **GUILLOT** during the execution of the search warrant, including a Samsung Galaxy Note 10 cellular phone (**GUILLOT's** cellular phone). A forensic review of the **GUILLOT's** cellular phone identified numerous files (*i.e.*, images and videos) depicting the sexual victimization of children.

The Government would further establish through testimony and forensic computer evidence that **GUILLOT** knowingly used his cellular phone to search for, download, and save images depicting the sexual victimization of children. Further, the evidence and testimony would establish that a computer forensic search of the seized computers and related evidence revealed at least at least 1 image and 518 videos depicting the sexual victimization of children.

Special Agent Crutchfield and forensic examiners with the FBI would testify they were able to determine, after reviewing evidence seized during the execution of the aforementioned search warrant, **GUILLOT** possessed his collection of images and videos depicting the sexual victimization of children on his cellular phone and in multiple accounts **GUILLOT** maintained on a social media instant messaging mobile application on multiple dates, including February 3, 2021.

Forensic evidence consisting of medical testimony, law enforcement officers, and supporting documentation would establish that some of the child victims depicted in the images and videos **GUILLOT** searched for, obtained, and possessed were of real, identifiable victims,

Page **2** of **4**

AUSA
Defendant
Defense Counsel

less than the age of eighteen (18) years old. All of the files depicting the sexual victimization of minors possessed by the defendant would be introduced through the testimony of Special Agents with the FBI.

Forensic evidence and testimony would further establish some of the child victims depicted in the materials possessed by **GUUILLOT** were of prepubescent children less than eighteen (18) years of age; to wit: less than approximately three (3) years old at the time the child sexual abuse material was created. The testimony would further establish that the files of the child victims depicted them engaging in "sexually explicit conduct," as defined in Title 18, United States Code, Section 2256. Among the files **GUILLOT** searched for, downloaded, and stored were numerous that depicted the sexual penetration of conscious prepubescent females by adult males and adult females.

Further, the Government would present evidence to establish that the images and videos of child sexual abuse material **GUILLOT** searched for, downloaded, and possessed, had been transported in interstate commerce via computer. The Government would also establish, through testimony and documentary evidence, that the equipment used by the defendant to acquire the child sexual abuse material was transported in interstate or foreign commerce.

The above facts come from an investigation conducted by, and would be proven at trial by credible testimony from, the Special Agents and forensic examiners from the FBI, other witnesses, documents and electronic devices in the possession of the FBI, and statements made by the defendant, **BROCK TAYLOR GUILLOT**.

**Limited Nature of Factual Basis**

This proffer of evidence is not intended to constitute a complete statement of all facts known by **DEFENDANT** and the Government. Rather, it is a minimum statement of facts intended to prove the necessary factual predicate for his guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the plea of guilty to the charged offense by **DEFENDANT**.

**APPROVED AND ACCEPTED:**

_Brock Guillot_       _6-5-25_
BROCK TAYLOR GUILLOT      Date
Defendant

_[signature]_      _6.5.25_
ROBERT C. STERN      Date
(Louisiana Bar No. _____)
Attorney for Defendant Guillot

_[signature]_      _6-5-25_
JORDAN GINSBERG      Date
(Illinois Bar. No. 6282956)
Assistant United States Attorney